**Dr. Scott SMART, Plaintiff-Appellant,**

v.

**TEXAS POWER AND LIGHT COMPANY et al., Defendants-Appellees,**

**State of Texas, Intervenor.**

No. 75–3304
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1976.
Rehearing and Rehearing En Banc
Denied Feb. 25, 1976.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

S. L. Lewis, Dallas, Tex., for plaintiff-appellant.

Robert E. Burns, Dallas, Tex., for defendants-appellees.

John L. Hill, Atty. Gen. of Texas, David R. Thomas, Asst. Atty. Gen., Dallas, Tex., for other interested parties.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff-appellant holds an undivided one-quarter interest in certain property subject to condemnation proceedings now pending before the Texas state courts. His interest was not recorded until two and one-half years after the commencement of the proceedings. Plaintiff in this suit challenges on constitutional and other grounds the state condemnation proceedings, to which he was not a party. His suit was dismissed for want of standing. The district court observed that standing is predicated on some right in the plaintiff to take part in the condemnation proceedings. Legal right to take part depends on proper notice to appellee Texas Power and Light Company that the plaintiff had an interest in the land. The facts of this case, the court held, do not support the argument that Texas Power and Light Company had knowledge of plaintiff's interest in the land. We agree, and affirm dismissal for lack of standing.

See a companion suit brought by Dr. Don Smart, the brother of the plaintiff here, Dr. Scott Smart, concerning constitutional challenges to the same condemnation proceeding. *Smart v. Texas Power and Light Company et al.*, 525 F.2d 1209 (5th Cir. 1976).

Affirmed.